UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
:
SKENDER ALIJAJ,                                            :
:
:
Plaintiff,           :
:                    17-CV-1887 (VSB)
- against -                        :
:                    **OPINION & ORDER**
:
:
WELLS FARGO,                                               :
:
Defendant.           :
:
-----------------------------------------------------------X

Appearances:

Skender Alijaj
Middletown, New Jersey
*Pro se Plaintiff*

Colleen P. Tandy
Fisher & Phillips, LLP
Murray Hill, New Jersey
*Counsel for Defendant*

VERNON S. BRODERICK, United States District Judge:

      Plaintiff Skender Alijaj ("Plaintiff") previously brought this action against Defendant Wells Fargo ("Defendant"), alleging discrimination on the basis of national origin and religion and retaliatory termination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, *et seq.*, age discrimination in violation of the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621, *et seq*, and retaliation in violation of unidentified whistleblower statutes. I issued an Opinion & Order granting in part Defendant's motion for summary judgment and dismissing Plaintiff's Title VII and ADEA claims on September 30, 2019 ("Initial Opinion & Order"). I denied Defendant's motion to the extent that

it sought dismissal of Plaintiff's entire complaint because Defendant's moving papers failed to address any whistleblower retaliation claims that Plaintiff arguably alleges.  Before me are (1) Defendant's unopposed motion to dismiss Plaintiff's whistleblower claims pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), or in the alternative for summary judgment pursuant to Federal Rule of Civil Procedure 56, and (2) Plaintiff's motion for reconsideration of the Initial Opinion & Order granting in part Defendant's motion for summary judgment pursuant to Federal Rule of Civil Procedure 60(b) and Local Civil Rule 6.3.

With regard to the potential whistleblower claims, because Plaintiff fails to (1) demonstrate jurisdiction, (2) state a claim, or (3) allege a violation within the statute of limitations, Defendant's motion to dismiss the whistleblower claims is GRANTED.  Because the Initial Opinion & Order was not a final judgment and Plaintiff's motion for reconsideration was untimely, Plaintiff's motion is DENIED.

I.      **Background**[1]

On September 30, 2019, I granted Defendant's motion for summary judgment on Plaintiff's Title VII and ADEA claims.  (O&O.)[2]  I acknowledged that Plaintiff indicated he brought his action pursuant to Title VII for discriminatory termination and retaliation, but reading a pro se plaintiff's complaint broadly, Plaintiff also appeared to allege a whistleblower claim.  (*Id.* at 14 (citing *Sharpe v. Conole*, 386 F.3d 482, 484 (2d Cir. 2004).)  Plaintiff alleged in his Complaint that Defendant retaliated against him "because of [his] engagement in providing

---

[1] The facts set forth herein are taken from the allegations contained in Plaintiff's complaint, ("the Complaint"). (Doc. 1).  A more detailed factual summary can be found in the Initial Opinion & Order granting in part Defendant's motion for summary judgment filed.  (Doc. 47.)  I reference only the facts that are relevant to any potential whistleblower claim here.  I assume these factual allegations to be true for purposes of this motion.  *See Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 237 (2d Cir. 2007).  My references to these allegations should not be construed as a finding as to their veracity, and I make no such findings.

[2] "O&O" refers to the Initial Opinion & Order granting Defendant's motion for summary judgment in part and denying it in part filed on September 30, 2019.  (Doc. 47.)

information in good faith about suspected unethical or illegal activities." (Compl. ¶ 1.)[3] Interpreting pro se Plaintiff's Complaint to raise the strongest argument it may suggest, I inferred Plaintiff's allegation to constitute a claim for retaliatory discharge for protected whistleblowing activity in violation of § 806 of the Sarbanes-Oxley Act of 2002, 18 U.S.C. § 1514A ("SOX"). (O&O, at 14–15.) Since Defendant's motion for summary judgment did not address SOX or any other whistleblower statute, I denied Defendant's motion to the extent it did not address Plaintiff's whistleblower claim. (*Id*. at 15.) I granted Defendant the opportunity to move to dismiss those claims after the entry of the Initial Opinion & Order. (*Id*.) Defendant filed this motion to dismiss or in the alternative for summary judgment in response. (MTD.)[4]

Plaintiff alleges in his Complaint that Defendant retaliated against him "because of [his] engagement in providing information in good faith about suspected unethical or illegal activities including possible violations of any Wells Fargo policies, including the Code of Ethics and Business Conduct." (Compl. ¶ 1.) Plaintiff cites Wells Fargo's non-retaliation policy, which states that Wells Fargo does not tolerate retaliation against any employee who "in good faith reports or provides information about an incident of alleged harassment in workplace," "complains of prohibited harassment or who participates in any investigation," has "filed a charge, truthfully testified, provided assistance, or participated, in good faith, in an investigation, proceeding, or hearing related to or arising from an allegedly unlawful employment practice," "provid[es] information in good faith about suspected unethical or illegal activities including possible violations of any Wells Fargo policies, including the Code of Ethics and Business Conduct," "has in some manner opposed an employment practice that the team member, in good

---

[3] "Compl." refers to Plaintiff's Complaint filed on March 15, 2017. (Doc. 1.)

[4] "MTD" refers to Defendant's memorandum of law in support of its motion to dismiss Plaintiff's whistleblower claims or in the alternative for summary judgment filed on November 8, 2019. (Doc. 49.)

faith, believes violates federal or state laws, rules, or regulations," or "assert[s] rights established by a federal or state law." (*Id.* ¶¶ 86–91.)

Plaintiff first worked in the Equity Derivates Group of Wells Fargo as a Product Controller, but was transferred to the Securities Lending Group. (*Id.* ¶¶ 1–2, 26.) Plaintiff alleges that he was subject to a "dishonest, unsupportive, hostile work environment and unethical conduct." (*Id.* ¶ 4.) Prior to his termination, Plaintiff received two negative performance reviews and several informal and formal "warnings" from his colleagues and supervisors. (*Id.* ¶¶ 5, 9, 45, 47, 54.) He described his performance reviews as "intentional dishonest, unethical, biased, hostile treatment and mischaracterization of my positive contributions." (*Id.* ¶ 24.) He alleged the Certified Public Accountant ("CPA"),[5] George Pawlush, "intentionally omitted [Plaintiff's] relevant positive contributions" in order "to tarnish [his] reputation, ignore [his] work ethic, and steal [his] positive contributions." (*Id.* ¶ 9.) Plaintiff submitted "rebuttals" to his 2014 performance review and complained of Pawlush's poor treatment of him to Pawlush's superior, Bob Rottmann. (*Id.* ¶¶ 23, 34–35.) Plaintiff alleged that Rottmann then "advised and guided Michael Fogarty in his efforts to terminate me." (*Id.* ¶ 23.) Plaintiff also complained to Human Resources that his supervisors hated him and were "attempting to destroy [his] Wells Fargo career." (*Id.* ¶ 76.) Plaintiff's employment was terminated on November 9, 2015. (*Id.* ¶ 58.) Plaintiff believed his termination "was retaliation and retribution for [Plaintiff's] challenge of the CPA's intentional ethical violations and negative portrayal of [Plaintiff] in [Plaintiff's] 2014 performance review[.]" (*Id.* ¶ 72.)

---

[5] The parties refer to the CPA or George Pawlush as the CPA, but they fail to define what "CPA" means. I assume for purpose of this Opinion & Order that CPA stands for certified public accountant.

## II.     **Procedural History**

Plaintiff initiated this action by filing a pro se complaint for employment discrimination on March 15, 2017. (Compl.) Defendant filed its answer on June 30, 2017. (Doc. 10.) On November 29, 2018, Defendant filed a motion for summary judgment, supporting memorandum of law, affidavit and exhibits, and Local Rule 56.1 Statement. (Docs. 35–38.) Plaintiff filed a response to Defendant's Rule 56.1 Statement, (Doc. 42), but did not submit a memorandum in opposition. On January 18, 2019, Defendant filed a reply memorandum. (Doc. 45.)

After granting in part Defendant's motion for summary judgment, (*see generally* O&O), Defendant filed a motion to dismiss the whistleblower claims or in the alternative for summary judgment, (Doc. 48), a supporting memorandum of law, (MTD), and a Notice to Pro Se Litigant regarding the filed motion to dismiss or for summary judgment, (Doc. 51.) Plaintiff did not file an opposition memorandum of law and Defendant did not file a reply.

On October 1, 2020, Plaintiff filed a motion for reconsideration of the Initial Opinion & Order granting Defendant's motion for summary judgment on the Title VII and ADEA claims. (Pl. Mot.)[6] On October 14, 2020, Defendant filed a memorandum of law in opposition to Plaintiff's motion. (Def. Opp.)[7] Plaintiff did not file a reply.

---

[6] "Pl. Mot." refers to Plaintiff's motion for reconsideration of the Initial Opinion & Order granting in part Defendant's motion for summary judgment filed on October 1, 2020. (Doc. 53.)

[7] "Def. Opp." refers to Defendant's memorandum of law in opposition to Plaintiff motion for reconsideration filed on October 14, 2020. (Doc. 54.)

### III. Legal Standards

#### A. *Rule 12(b)(6) Motion to Dismiss*

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim will have "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This standard demands "more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Plausibility . . . depends on a host of considerations: the full factual picture presented by the complaint, the particular cause of action and its elements, and the existence of alternative explanations so obvious that they render plaintiff's inferences unreasonable." *L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 430 (2d Cir. 2011).

In considering a motion under Rule 12(b)(6), a court must "accept all factual allegations in the complaint as true and draw all reasonable inferences in [the plaintiff's] favor." *Johnson v. Rowley*, 569 F.3d 40, 43 (2d Cir. 2009) (per curiam); *accord Kassner*, 496 F.3d at 237. A complaint need not make "detailed factual allegations," but it must contain more than mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted). A "complaint is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002) (internal quotation marks omitted); *see also* Fed. R. Civ. P. 10(c). Finally, although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.

### B.     *Rule 12(b)(1) Motion to Dismiss*[8]

"Determining the existence of subject matter jurisdiction is a threshold inquiry[,] and a claim is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Morrison v. Nat'l Austl. Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008) (citation omitted), *aff'd*, 561 U.S. 247 (2010); *United States v. Bond*, 762 F.3d 255, 263 (2d Cir. 2014) (describing subject matter jurisdiction as the "threshold question") (internal quotation marks omitted).  While a district court resolving a motion to dismiss under Rule 12(b)(1) "must take all uncontroverted facts in the complaint . . . as true, and draw all reasonable inferences in favor of the party asserting jurisdiction," "where jurisdictional facts are placed in dispute, the court has the power and obligation to decide issues of fact by reference to evidence outside the pleadings, such as affidavits," in which case "the party asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Tandon v. Captain's Cove Marina of Bridgeport, Inc.*, 752 F.3d 239, 243 (2d Cir. 2014) (internal quotation marks and citations omitted); *Ernst v. Gateway Plaza Mgmt. Corp.*, No. 11 Civ. 1169(PAC)(RLE), 2012 WL 1438347, at *2 (S.D.N.Y. Mar. 14, 2012) ("In deciding jurisdictional issues, the court may rely on affidavits and other evidence outside the pleadings.").

---

[8] Defendant moves to dismiss Plaintiff's claims for subject-matter jurisdiction and for failure to state a claim or in the alternative for summary judgment.  Because I dismiss all Plaintiff's remaining potential whistleblower claims against Defendant solely on the pleadings, as detailed below, I need not address Defendant's alternative argument for summary judgment.  *Crique v. Magill*, No. 12 CIV. 3345 PAC GWG, 2013 WL 1812195, at *5 (S.D.N.Y. May 1, 2013), *report and recommendation adopted*, No. 12 CIV. 3345 PAC GWG, 2013 WL 3783735 (S.D.N.Y. July 9, 2013), *and report and recommendation adopted*, No. 12 CIV. 3345 PAC GWG, 2014 WL 2805249 (S.D.N.Y. June 19, 2014) ("As a result, we need not consider any materials outside the pleadings and it is unnecessary to convert the defendants' motions into motions for summary judgment.")

### C.     *Pro se Litigant*

Even after *Twombly* and *Iqbal*, a "document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Boykin v. KeyCorp*, 521 F.3d 202, 214 (2d Cir. 2008) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). Further, pleadings of a pro se party should be read "to raise the strongest arguments that they suggest." *Brownell v. Krom*, 446 F.3d 305, 310 (2d Cir. 2006) (internal quotation marks omitted). Consistent with the duty to liberally construe a pro se plaintiff's pleading, a court can also consider allegations contained in opposition papers. *See Henning v. New York City Dep't of Correction*, No. 14-CV-9798 (JPO), 2016 WL 297725, at *3 (S.D.N.Y. Jan. 22, 2016); *see also Gill v. Mooney*, 824 F.2d 192, 195 (2d Cir. 1987) (considering affidavit submitted in opposition to defendants' motion to dismiss in reviewing district court's dismissal of pro se plaintiff's claims). Nevertheless, dismissal of a pro se complaint is appropriate where a plaintiff fails to state a plausible claim supported by more than conclusory factual allegations. *See Walker v. Schult*, 717 F.3d 119, 124 (2d Cir. 2013). In other words, the "duty to liberally construe a plaintiff's complaint is not the equivalent of a duty to re-write it." *Geldzahler v. N.Y. Med. Coll.*, 663 F. Supp. 2d 379, 387 (S.D.N.Y. 2009) (internal quotation marks omitted).

"A court must liberally construe a pro se litigant's papers when considering a motion to dismiss under Rule 12(b)(1)." *Jones v. Nat'l Commun. & Surveillance Networks*, 409 F. Supp. 2d 456, 465–66 (S.D.N.Y. 2006) (citing *Soto v. Walker*, 44 F.3d 169, 173 (2d Cir. 1995)). Regardless of this liberal construction, "jurisdictional requirements are not relaxed based on a litigant's pro se status." *Escoffier v. MFY Legal Servs.*, No. 13 CIV. 80898 LGS, 2015 WL 221048, at *1 (S.D.N.Y. Jan. 15, 2015). "Notwithstanding the liberal pleading standard

8

afforded *pro se* litigants, federal courts are courts of limited jurisdiction and may not preside over cases if subject matter jurisdiction is lacking." *Chestnut v. Wells Fargo Bank, N.A.*, No. 11 Civ. 5369, 2012 WL 1657362, at *3 (E.D.N.Y. May 7, 2012) (citing *Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 700–01 (2d Cir. 2000).

### D. *Unopposed Motion*

"[A]lthough a party is of course to be given a reasonable opportunity to respond to an opponent's motion, the sufficiency of a complaint is a matter of law that the court is capable of determining based on its own reading of the pleading and knowledge of the law." *McCall v. Pataki*, 232 F.3d 321, 322–23 (2d Cir. 2000). District courts should consider the merits of an unopposed motion to dismiss. *Goldberg v. Danaher*, 599 F.3d 181, 183 (2d Cir. 2010).

### E. *Motion for Reconsideration*

The standard for a motion for reconsideration "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.,* 70 F.3d 255, 257 (2d Cir. 1995). A motion for reconsideration is "neither an occasion for repeating old arguments previously rejected nor an opportunity for making new arguments that could have been previously advanced." *Associated Press v. U.S. Dep't of Def.*, 395 F. Supp. 2d 17, 19 (S.D.N.Y. 2005). A motion for reconsideration should be denied if the moving party "merely offers substantially the same arguments he offered on the original motion." *United States v. Kerik*, 615 F. Supp. 2d 256, n.27 (S.D.N.Y. 2009) (citation omitted).

The decision of whether to grant or deny a motion for reconsideration is "within 'the sound discretion of the district court.'" *Premium Sports Inc. v. Connell*, No. 10 Civ. 3753(KBF),

2012 WL 2878085, at *1 (S.D.N.Y. July 11, 2012) (quoting *Aczel v. Labonia*, 584 F.3d 52, 61 (2d Cir. 2009)). Generally, a party seeking reconsideration must show either "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (citation omitted).

### IV. Discussion

#### A. *Motion to Dismiss*

Plaintiff does not specify anywhere in his Complaint under which whistleblower statutes he asserts retaliation claims, nor did he submit a response memorandum of law identifying any statutes. I stated in the Initial Opinion & Order that I could broadly read Plaintiff's Complaint to allege violations of SOX, and Defendant identifies an additional two federal whistleblower statutes that could apply based on Plaintiff's position at Wells Fargo: (1) The Consumer Financial Protection Act ("CFPA"), 12 U.S.C. § 5567, or (2) the Dodd-Frank Wall Street Reform and Consumer Protection Act ("Dodd-Frank"), Pub. L. No. 111-203, 124 Stat. 1376 (2010), specifically Pub. L. 111-203, Title IX, §922(a), 124 Stat. 1841, codified at 15 U.S.C. § 78u-6 and entitled "Securities whistleblower incentives and protection." (MTD, at 1–2.) Defendant also identifies one conceivably pertinent New York whistleblower statute, New York Labor Law §740. (*Id.*) I will address each of these statutes in turn.

#### 1. SOX

To bring a SOX claim in federal court, an employee must first exhaust his administrative remedies. *Daly v. Citigroup Inc.*, 939 F.3d 415, 427 (2d Cir. 2019). The Second Circuit has held that the administrative exhaustion requirements of SOX are jurisdictional, and the statute grants federal jurisdiction only after its specific administrative remedies have been exhausted. *Id*. To

exhaust one's administrative remedies under SOX, an employee must file a complaint with the Secretary of Labor. 18 U.S.C. § 1514A(b)(1)(A)-(B). Only "if the Secretary has not issued a final decision within 180 days of the filing of the complaint and there is no showing that such delay is due to the bad faith of the claimant" may an employee bring an action in federal court. *Id.* An employee must file her complaint with the Secretary of Labor "not later than 180 days after the date on which the violation occurs, or after the date on which the employee became aware of the violation." *Daly*, 939 F.3d at 427 (quoting 18 U.S.C. § 1514A(b)(2)(D)). The Secretary of Labor has delegated the responsibility for adjudicating SOX claims to OSHA. *Id.* (citing 29 C.F.R. § 1980.103(b)-(d)).

Here, Plaintiff does not allege in his Complaint or attach any supporting documents to show that he filed a complaint with OSHA, and therefore cannot demonstrate that he exhausted his administrative remedies. Although I must consider the merits of pro se Plaintiff's claims even though Plaintiff has not opposed Defendant's motion to dismiss, *Goldberg*, 599 F.3d at 183, Plaintiff has not offered any facts to support a claim that he has met the jurisdictional prerequisites to bring a SOX claim in this court.

Even if Plaintiff had exhausted his administrative remedies, his Complaint fails to state a claim upon which relief may be granted. To prevail on a SOX claim, a plaintiff must prove by a preponderance of evidence that he engaged in "protected activity." *Bechtel v. Admin. Review Bd.*, 710 F.3d 443, 447 (2d Cir. 2013). "Protected activity" includes an employee providing information to "a person with supervisory authority over the employee" regarding "any conduct which the employee reasonably believes constitutes a violation of section 1341, 1343, 1344, or 1348, any rule or regulation of the Securities and Exchange Commission, or any provision of Federal law relating to fraud against shareholders." 18 U.S.C. §1514A(a)(1)(C). Sections 1341,

1343, 1344, and 1348 are titled "Frauds and Swindles," "Fraud by Wire, Radio, or Television," "Bank Fraud," and "Securities and Commodities Fraud," respectively. 18 U.S.C. §§ 1341, 1343, 1344, 1348.

Plaintiff does not offer any facts in his Complaint to show that he provided information to someone in a position of authority regarding any conduct that falls within these sections. Plaintiff alleges that his termination "was retaliation and retribution for [Plaintiff's] challenge of the CPA's intentional ethical violations and negative portrayal of [Plaintiff] in [Plaintiff's] 2014 performance review[.]" (Compl. ¶ 72.) The alleged "ethical violations" and negative performance reviews can in no way be construed as violations of 18 U.S.C. §§ 1341, 1343, 1344, or 1348, rules or regulations of the SEC, or federal law relating to fraud against shareholders. For these reasons, any potential SOX allegations in Plaintiff's Complaint must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6).

### 2. CFPA

As with claims under SOX, CFPA claims must be first filed with the Secretary of Labor before an action can be brought in federal court. 12 U.S.C. § 5567(c); *see also Murray v. UBS Sec., LLC*, No. 14 CIV. 927 KPF, 2015 WL 769586, at *2 (S.D.N.Y. Feb. 24, 2015) ("[CFPA's] anti-retaliation provisions require that complaints first be filed with the Secretary of Labor, but allow complainants to file actions in federal court if no decision has been rendered by the DoL within, respectively . . . 210 days.") With regard to claims under CFPA, "[i]f the Secretary of Labor has not issued a final order within 210 days after the date of filing of a complaint" or "within 90 days after the date of receipt of a written determination," the employee can bring an action for "de novo review in the appropriate district court of the United States . . .". 12 U.S.C. §5567(c)(4)(D)(i).

As Defendant points out, it is unsettled law whether an employee's failure to exhaust administrative remedies under the CFPA is a Rule 12(b)(1) jurisdictional flaw, like SOX claims, or whether dismissal must be pursued pursuant to Rule 12(b)(6).  (MTD, at 12–13) (*comparing Brooks v. Agate Res., Inc.*, No. 6:15-cv-00983, 2019 WL 2635594, at *22 (D. Or. Mar. 25, 2019) ("fil[ing] a complaint for an alleged violation of 12 U.S.C. §5567 with the DOL in a manner that complies with the statute and implementing regulations" is a "jurisdictional prerequisite"), *adopted*, 2019 WL 2156955 (D. Or. May 14, 2019); *Hall v. Bank of Am. Corp.,* No. 3:16-cv-00715, 2017 WL 3971281, at *5, 6 (W.D.N.C. Sept. 8, 2017) (dismissing CFPA claim "due to a lack of subject-matter jurisdiction"), *aff'd mem.*, 707 F. App'x 175 (4th Cir. 2017); *with Hall v. Bank of Am. Corp.,* No. 3:18-cv-00108, 2019 WL 215617, at *6 (W.D.N.C. Jan. 16, 2019) (dismissing CFPA claim as time-barred because plaintiff "failed to exhaust his administrative remedies" by "fil[ing] a complaint with the Secretary of Labor within 180 days of the alleged retaliatory act"); *Lewis v. Full Sail, LLC*, 266 F. Supp. 3d 320, 325 (D.D.C. 2017) (recognizing that to maintain a CFPA claim, plaintiff must allege he "has exhausted his administrative remedies"); *Sills v. Trustmark Nat'l Bank*, No. 3:15-cv-574, 2016 WL 10590445, at *3 (S.D. Miss. Sept. 29, 2016) (dismissing CFPA claim under Rule 12(b)(6), because "[t]he plain language of 12 U.S.C.A. §5567(c)(1)(A) requires individuals to file a complaint with the Secretary of Labor before bringing action in federal court"); *Yegin v. BBVA Compass*, No. 2:12-cv-03882, 2013 WL 622565, at *2 (N.D. Ala. Feb. 19, 2013) (dismissing CFPA claim under Rule 12(b)(6) where plaintiff "did not exhaust her administrative remedies")).[9]  In any event, Plaintiff's failure to allege anywhere in his Complaint that he exhausted his remedies under the

---

[9] Defendant does not cite—and I have not located—any cases in this Circuit that squarely address whether Rule 12(b)(1) or 12(b)(6) govern dismissal for an employee's failure to exhaust administrative remedies under the CFPA.

13

CFPA, or to file a response memorandum arguing otherwise, means that I must dismiss any claim that could be construed as retaliation under the CFPA.

### 3. Dodd-Frank

The Dodd-Frank Act provides that "no employer may . . . discriminate against[] a whistleblower in the terms and conditions of employment because of any lawful act done by the whistleblower." 15 U.S.C. § 78u-6(h)(1)(A). Dodd-Frank defines those lawful acts done by a whistleblower as either (1) "providing information to the [Securities Exchange] Commission," (2) "initiating, testifying in, or assisting in any investigation or judicial or administrative action of the Commission based upon or related to such information," or (3) "making disclosures that are required or protected under [SOX] . . . this chapter . . . and any other law, rule, or regulation subject to the jurisdiction of the Commission." *Id*. Further, Dodd-Frank defines "whistleblower" as "any individual who provides, or 2 or more individuals acting jointly who provide, information relating to a violation of the securities laws to the Commission, in a manner established, by rule or regulation, by the Commission." *Id*. § 78u-6(a)(6).

It is well-established that providing information "*to the Commission*" is crucial to classification as a "whistleblower" under Dodd-Frank. *Digital Realty Trust, Inc. v. Somers*, 138 S. Ct. 767, 777 (2018) (quoting 15 U.S.C. § 78u–6(a)(6) (emphasis in original)). A Dodd-Frank claim fails if the plaintiff did not provide information to the U.S. Securities and Exchange Commission ("Securities and Exchange Commission" or the "Commission"). *Id.* Moreover, Dodd-Frank does not protect the disclosure of just any securities-related information, rather it "protects whistleblowers who fulfill an existing duty to disclose, but it does not protect those who report violations of SEC laws or regulations that do not impose such a duty." *Egan v. TradingScreen, Inc.*, No. 10 CIV. 8202 LBS, 2011 WL 1672066, at *6 (S.D.N.Y. May 4, 2011).

14

The plaintiff "must allege that a law or rule in the SEC's jurisdiction explicitly requires or protects disclosure of that violation." *Id.*

Here, Plaintiff does not allege any facts to show he contacted the Commission, that he had any duty to disclose any such information, or even that he provided or possessed any information "subject to the jurisdiction of the Commission" at all. 15 U.S.C. § 78u-6(h)(1)(A). Plaintiff fails to state a claim under Dodd-Frank. Therefore, to the extent that Plaintiff's Complaint could be read as asserting a claim under Dodd-Frank, any such claim must be dismissed.

### 4. New York Labor Law

An employee can bring a whistleblower claim under the New York Labor Law if the employer takes retaliatory action against the employee for "disclos[ing], or threaten[ing] to disclose to a supervisor . . . an activity, policy or practice of the employer that the employee reasonably believes is in violation of law, rule or regulation. . . ." N.Y. Lab. Law §740(2)(a). However, without original jurisdiction over any of Plaintiff's claims, I decline to exercise supplemental jurisdiction over his state law claim. *See* 28 U.S.C. § 1367(c)(3) (district courts may decline to exercise supplemental jurisdiction over a claim if "the district court has dismissed all claims over which it has original jurisdiction"); *Marcus v. AT&T Corp.*, 138 F.3d 46, 57 (2d Cir. 1998) ("In general, where the federal claims are dismissed before trial, the state claims should be dismissed as well."). For these reasons, any potential claim under the New York Labor Law must be dismissed.

### B. *Motion for Reconsideration*

On October 1, 2020, more than one year after I issued the Initial Opinion & Order granting Defendant's motion for summary judgment for Plaintiff's Title VII and ADEA claims, Plaintiff filed a motion for reconsideration. (Pl. Mot.) Plaintiff's motion fails under Rule 60(b) because the Initial Opinion & Order was not a final judgment. It also fails under Local Civil Rule 6.3 because it is untimely.

Rule 60(b) "applies only to final orders and judgments." *Harris v. Millington*, 613 F. App'x 56, 58 (2d Cir. 2015). "A final judgment or order is one that conclusively determines all pending claims of all the parties to the litigation, leaving nothing for the court to do but execute its decision." *Petrello v. White*, 533 F.3d 110, 113 (2d Cir. 2008). The Initial Opinion & Order granted Defendant's motion for summary judgment on the Title VII and ADEA claims, but explicitly denied the motion "to the extent that it does not address any whistleblower claim that Plaintiff alleges in the Complaint." (O&O, at 15.) Specifically, I stated that "[i]f Defendant takes the position that Plaintiff has not plausibly alleged a whistleblower claim under SOX or any other relevant statute, Defendant shall move to dismiss those claims no later than six weeks after the entry of this Opinion & Order." (*Id.*) The fact that claims remained after I issued the Initial Opinion & Order—and that I now address and dismiss those claims—demonstrates that the Initial Opinion & Order did not equate to a final order or judgment.

Additionally, Local Civil Rule 6.3 mandates a motion for reconsideration shall be served within fourteen days after the entry of the Court's determination of the original motion. *See Elgalad v. N.Y.C. Dep't of Educ.*, No. 17-4849, 2019 WL 4805669, at *3 (S.D.N.Y. Sept. 30, 2019). I entered the Initial Opinion & Order on October 1, 2019. (O&O.) Plaintiff filed his motion for reconsideration a year later on October 1, 2020. (Pl. Mot.) Courts "in this Circuit

routinely deny untimely motions for reconsideration without considering their merits." *Id.* (quoting *Beckles v. City of New York*, No. 08 Civ. 3687(RJH)(JCF), 2010 WL 1841714, at *4 (S.D.N.Y. May 10, 2010)).

Perhaps in attempt to avoid the 14-day limitation, Plaintiff suggests that he was unaware of the Initial Opinion & Order granting in part Defendant's motion for summary judgment. (Pl. Mot., at 5.) I am not persuaded by Plaintiff's argument. Not only was a copy of the Initial Opinion & Order delivered to Plaintiff, (*see* Def. Opp. Ex. A), but Defendant also served its motion to dismiss or in the alternative for summary judgment at issue in this Opinion & Order on Plaintiff by electronic and regular mail on November 8, 2019, (Doc. 52), and those papers explicitly referenced the Initial Opinion & Order. I find it implausible that Plaintiff did not receive any of these communications regarding the Initial Opinion & Order and therefore find his motion for reconsideration untimely.

The decision of whether to grant or deny a motion for reconsideration is "within the sound discretion of the district court." *Premium Sports Inc.*, 2012 WL 2878085, at *1 (internal quotation marks omitted). Because the Initial Opinion & Order granting in part Defendant's motion for summary judgment was not a final judgment and Plaintiff's motion was untimely, I deny Plaintiff's motion for reconsideration of the Initial Opinion & Order.

## V. Conclusion

For the foregoing reasons, Defendant's motion to dismiss all remaining claims is GRANTED, and Plaintiff's motion for reconsideration is DENIED. The Clerk of Court is

respectfully directed to mail a copy of this Opinion & Order to pro se Plaintiff, and to terminate the open motions at Docs. 48 and 53 and close the case.

SO ORDERED.

Dated: February 9, 2022
      New York, New York

                                            Vernon S. Broderick
                                            United States District Judge